## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

**COURTNEY WHITE,**

                      **CASE NO.: 1:17-cv-00160-JRH-BKE**

        **Plaintiff,**

**v.**

**ENHANCED RECOVERY**
**COMPANY, LLC,**

        **Defendant.**

_____/

### DEFENDANT, ENHANCED RECOVERY COMPANY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Enhanced Recovery Company, LLC (ERC or "Defendant"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to the Plaintiff's First Amended Complaint filed by Plaintiff, Courtney White ("Plaintiff").

### JURISDICTION

1.      ERC admits that this Court has subject matter jurisdiction.

2.      ERC denies the allegations contained in paragraph 2. Specifically, Plaintiff failed to provide the required pre-suit notification of bringing suit under the Georgia Fair Business Practices Act.

### PARTIES

3.      ERC admits that Plaintiff is a natural person. ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3 of the Amended Complaint and, therefore, denies the allegations.

4.      ERC admits that it maintains an office in Jacksonville, Florida. ERC admits that CT Corporation System is ERC's registered agent in the state of Georgia.

## VENUE

5.      ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint and, therefore, denies the allegations.

6.      ERC admits that venue is proper in this District, but denies committing any act or omission giving rise to the claims asserted in this matter.

## ALLEGATIONS

7.      ERC admits that it placed one or more telephone calls to a telephone number claimed to be Plaintiff's between March and April of 2017. ERC admits that 800-875-5164 is a telephone number in use by it. The remaining allegations contained in paragraph 7 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

8.      ERC denies the allegations contained in paragraph 8 of the Amended Complaint.

9.      ERC denies the allegations contained in paragraph 9 of the Amended Complaint.

10.     ERC admits that any telephone calls it placed to Plaintiff were not for emergency purposes. The remaining allegations contained in paragraph 10 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

11.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Amended Complaint and, therefore, denies the allegations.

12. ERC admits that Plaintiff sent ERC a document denominated "Notice of Pending Lawsuit." ERC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 12 of the Complaint and, therefore, denies the allegations.

## TCPA and FDCPA

13. ERC responds to paragraphs 1 through 12 of the Amended Complaint as set forth fully above.

14. ERC admits that this action is brought against it for alleged violations of the FDCPA, but denies committing any violation of the FDCPA. ERC denies the remaining allegations contained in paragraph 14 of the Amended Complaint.

15. ERC denies the allegations contained in paragraph 15 of the Amended Complaint.

16. ERC denies the allegations contained in paragraph 16 of the Amended Complaint.

17. ERC denies the allegations contained in paragraph 17 of the Amended Complaint.

18. ERC denies the allegations contained in paragraph 18 of the Amended Complaint.

19. ERC denies the allegations contained in paragraph 19 of the Amended Complaint.

20. ERC denies the allegations contained in paragraph 20 of the Amended Complaint.

21. ERC denies the allegations contained in paragraph 21 of the Amended Complaint.

22. ERC denies the allegations contained in paragraph 22 of the Amended Complaint.

23. ERC denies the allegations contained in paragraph 23 of the Amended Complaint.

24. ERC denies the allegations contained in paragraph 24 of the Amended Complaint.

25. ERC denies the allegations contained in paragraph 25 of the Amended Complaint.

26. ERC denies the allegations contained in paragraph 26 of the Amended Complaint.

27.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and, therefore, denies the allegations.

28.     ERC denies the allegations contained in paragraph 28 of the Amended Complaint.

29.     The allegations contained in paragraph 29 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it places calls voluntarily.

30.     The allegations contained in paragraph 30 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC placed calls under its own free will.

31.     ERC denies the allegations contained in paragraph 31 of the Amended Complaint.

32.     ERC denies the allegations contained in paragraph 32 of the Amended Complaint.

33.     ERC admits that it maintains business records of calls.

34.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint and, therefore, denies the allegations.

35.     The allegations contained in paragraph 35 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it placed one or more telephone calls to a telephone number claimed to be Plaintiff's within the past four years.

## **FCRA: TransUnion**

36.     ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

4

37.    ERC denies the allegations contained in paragraph 37 of the Amended Complaint.

38.    The allegations contained in paragraph 38 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Amended Complaint and, therefore, denies the allegations.

39.    ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Amended Complaint and, therefore, denies the allegations.

40.    ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Amended Complaint and, therefore, denies the allegations.

41.    ERC denies that it provided erroneous information. As to the remaining allegations contained in paragraph 41 of the Amended Complaint, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

42.    ERC denies the allegations contained in paragraph 42 of the Amended Complaint.

43.    ERC admits that it reported to TransUnion that an account in the amount of $88, bearing the name of Plaintiff, had been placed with it for collection.

44.    ERC denies that an account bearing Plaintiff's name was not placed with it for collection.

45.    ERC denies the allegations contained in paragraph 45 of the Amended Complaint.

46.     ERC admits that Plaintiff sent ERC a document denominated "Notice of Intent to Sue." As to the remainder of the allegations contained in paragraph 46 of the Amended Complaint, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

**FCRA: Experian**

47.     ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

48.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Amended Complaint and, therefore, denies the allegations.

49.     ERC denies that it provided erroneous information. As to the remaining allegations contained in paragraph 49 of the Amended Complaint, ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies the allegations.

50.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Amended Complaint and, therefore, denies the allegations.

51.     ERC denies the allegations contained in paragraph 51 of the Amended Complaint.

52.     ERC admits that it reported to Experian that an account in the amount of $88, bearing the name of Plaintiff, had been placed with it for collection.

53.     ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Amended Complaint and, therefore, denies the allegations.

54.     ERC denies that an account bearing Plaintiff's name was not placed with it for collection.

55.     [Omitted in Amended Complaint]

## DAMAGES

56.     ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

57.     ERC denies the allegations contained in paragraph 57 of the Amended Complaint.

58.     ERC denies the allegations contained in paragraph 58 of the Amended Complaint.

59.     ERC denies the allegations contained in paragraph 59 of the Amended Complaint.

60.     ERC denies the allegations contained in paragraph 60 of the Amended Complaint.

61.     ERC denies the allegations contained in paragraph 61 of the Amended Complaint.

62.     ERC denies the allegations contained in paragraph 62 of the Amended Complaint.

63.     ERC denies the allegations contained in paragraph 63 of the Amended Complaint.

## COUNT I

64.     ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

65.     ERC denies the allegations contained in paragraph 65 of the Amended Complaint.

66.     ERC denies the allegations contained in paragraph 66 of the Amended Complaint.

67.     ERC denies the allegations contained in paragraph 67 of the Amended Complaint.

68.     ERC denies the allegations contained in paragraph 68 of the Amended Complaint.

## COUNT II

69.     ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

70.     ERC denies the allegations contained in paragraph 70 of the Amended Complaint.

71.     ERC denies the allegations contained in paragraph 71 of the Amended Complaint.

72.     ERC denies the allegations contained in paragraph 72 of the Amended Complaint.

73.     ERC denies the allegations contained in paragraph 73 of the Amended Complaint.

74.     ERC denies the allegations contained in paragraph 74 of the Amended Complaint.

75.     ERC denies the allegations contained in paragraph 75 of the Amended Complaint.

**COUNT III**

76.     ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

77.     The allegations contained in paragraph 77 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that Plaintiff is a person.

78.     The allegations contained in paragraph 78 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Amended Complaint and, therefore, denies the allegations.

79.     The allegations contained in paragraph 79 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that consumer reports are consumer reports.

80.    The allegations contained in paragraph 80 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: 15 U.S.C. § 1681b speaks for itself.

81.    The allegations contained in paragraph 81 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: 15 U.S.C. § 1681b speaks for itself.

82.    ERC denies that it has not had accounts bearing Plaintiff's name placed with it for collection.

83.    ERC denies the allegations contained in paragraph 83 of the Amended Complaint.

84.    The allegations contained in paragraph 84 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

85.    ERC denies the allegations contained in paragraph 85 of the Amended Complaint.

86.    ERC denies the allegations contained in paragraph 86 of the Amended Complaint.

## COUNT IV

87.    ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

88.    The allegations contained in paragraph 88 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that Plaintiff is a person.

89.    The allegations contained in paragraph 89 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a

response is required, ERC states as follows: ERC admits that it furnishes credit information concerning accounts placed with it for collection to one or more consumer reporting agencies.

90.     The allegations contained in paragraph 90 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Amended Complaint and, therefore, denies the allegations.

91.     The allegations contained in paragraph 91 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that consumer reports are consumer reports.

92.     The allegations contained in paragraph 92 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: 15 U.S.C. § 1681b speaks for itself.

93.     ERC denies the allegations contained in paragraph 93 of the Amended Complaint.

94.     The allegations contained in paragraph 94 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: 15 U.S.C. § 1681b speaks for itself.

95.     ERC denies that it has not had accounts bearing Plaintiff's name placed with it for collection.

96.     ERC denies the allegations contained in paragraph 96 of the Amended Complaint.

97.     The allegations contained in paragraph 97 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

98.     ERC denies the allegations contained in paragraph 98 of the Amended Complaint.

99.     ERC denies the allegations contained in paragraph 99 of the Amended Complaint.

## COUNT V

100.    ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

101.    ERC denies the allegations contained in paragraph 101 of the Amended Complaint.

102.    ERC denies the allegations contained in paragraph 102 of the Amended Complaint.

103.    ERC denies the allegations contained in paragraph 103 of the Amended Complaint.

104.    ERC denies the allegations contained in paragraph 104 of the Amended Complaint.

105.    ERC denies the allegations contained in paragraph 105 of the Amended Complaint.

106.    ERC denies the allegations contained in paragraph 106 of the Amended Complaint.

## COUNT VI

107.    ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

108.    ERC denies the allegations contained in paragraph 108 of the Amended Complaint.

109.    ERC denies the allegations contained in paragraph 109 of the Amended Complaint.

110.    ERC denies the allegations contained in paragraph 110 of the Amended Complaint.

111.    ERC denies the allegations contained in paragraph 111 of the Amended Complaint.

112.    ERC denies the allegations contained in paragraph 112 of the Amended Complaint.

113.    ERC denies the allegations contained in paragraph 113 of the Amended Complaint.

## <u>COUNT VII</u>

114.    ERC responds to the preceding allegations of Plaintiff's Amended Complaint as set forth fully above.

115.    The allegations contained in paragraph 115 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC denies that the Fair Business Practices Act applies to it.

116.    ERC denies the allegations contained in paragraph 116 of the Amended Complaint.

117.    ERC denies the allegations contained in paragraph 117 of the Amended Complaint.

118.    The allegations contained in paragraph 118 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it furnishes credit information concerning accounts placed with it for collection to one or more consumer reporting agencies.

119.    The allegations contained in paragraph 119 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC states as follows: ERC admits that it furnishes credit information concerning accounts placed with it for collection to one or more consumer reporting agencies.

120.    ERC denies the allegations contained in paragraph 120 of the Amended Complaint.

121.    The allegations contained in paragraph 121 of the Amended Complaint are legal conclusions and, therefore, not allegations to which a response is required. To the extent a response is required, ERC denies the allegations.

122.    ERC denies the allegations contained in paragraph 122 of the Amended Complaint.

123.    ERC denies the allegations contained in paragraph 123 of the Amended Complaint.

124.    ERC denies the allegations contained in paragraph 124 of the Amended Complaint.

125.    ERC denies the allegations contained in paragraph 125 of the Amended Complaint.

126.    ERC denies the allegations contained in paragraph 126 of the Amended Complaint.

127.    ERC denies the allegations contained in paragraph 127 of the Amended Complaint.

## GENERAL DENIAL

128.    ERC denies all allegations of the Amended Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's claims against ERC must be dismissed because Plaintiff has failed to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims against ERC for actual damages must be dismissed because Plaintiff has not alleged any facts showing an entitlement to such damages.

### Third Affirmative Defense

Plaintiff's claims against ERC for actual damages are barred to the extent Plaintiff failed to take action to mitigate such damages.

### Fourth Affirmative Defense

Plaintiff's claims against ERC under the TCPA must be dismissed to the extent that ERC had Plaintiff's consent to place any of the calls at issue in this matter.

### Fifth Affirmative Defense

Plaintiff's claims under the Fair Business Practices Act must be dismissed for failure to satisfy a condition precedent in that Plaintiff failed to provide ERC with a written pre-suit demand specifying her claims and damages under the Fair Business Practices Act as required by O.C.G.A. § 10-1-399(b).

**Sixth Affirmative Defense**

Plaintiff's claims under the Fair Business Practices Act must be dismissed because they are expressly premised on credit reporting activity and are thus pre-empted by the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681t.

**Seventh Affirmative Defense**

Plaintiff's claims against ERC under the Fair Credit Reporting Act must be dismissed because ERC had a permissible purpose to seek Plaintiff's credit report in that it was collecting on an account of Plaintiff's.

## CLAIM FOR ATTORNEYS' FEES

On information and belief, this action was brought against, or has been continued against, Defendant in bad faith and for the purposes of harassment and Defendant seeks its costs and fees in defending this action under 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that the Court enter judgment against Plaintiff and in favor of Defendant in connection with all claims for relief in the Complaint, award Defendant its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and equitable.

                                        **SMITH, GAMBRELL & RUSSELL, LLP**

                                        */s/ Stephen O'Day*
Suite 3100, Promenade                   Stephen O' Day
1230 Peachtree Street, N.E.             Georgia Bar No. 549337
Atlanta, Georgia 30309                  soday@sgrlaw.com
Tel: (404) 815-3500
Fax: (404) 685-6815


                    **<u>CERTIFICATE OF SERVICE</u>**

       I certify that on December 22, 2017, I electronically filed the foregoing with the Clerk of

Court by using the CM/ECF system and have served a true and correct copy on the person below

via electronic mail and First Class Mail:

                          *Pro Se Plaintiff:*
                          Courtney White
                          2158 B Street
                          Augusta, GA 30904
                          Email: whitec21@gmail.com


Smith, Gambrell & Russell, LLP          */s/ Stephen O' Day*
Suite 3100, Promenade                   Stephen O' Day
1230 Peachtree Street, N.E.             Georgia Bar No. 549337
Atlanta, Georgia 30309                  soday@sgrlaw.com
Tel: (404) 815-3500
Fax: (404) 685-6815


                                   16